## HALLER v. McCLELLAN.

Court of Appeals of Kentucky.

Jan. 23, 1953.

Duncan, Humphrey, Peabody & Oldham, Louisville, for appellant.

Robert Speckman, Louisville, for appellee.

MILLIKEN, Justice.

The automobiles of the litigants collided during the evening rush hour at the intersection of York and Fourth Streets, a short distance from the heart of Louisville's retail business center. From his automobile in the creeping southbound line of traffic on Fourth Street, a designated boulevard, Mr. Haller saw the McClellan automobile edging out of York Street to his left, preparatory to crossing Fourth Street at the first break in the line of cars. Mr. McClellan thought he saw an opening, spurted into Fourth Street, but his motor faltered inopportunely and despite Mr. Haller's effort to apply his brakes the front of his automobile collided with the right side of Mr. McClellan's car. Mr. Haller was injured, and his car was damaged to the extent of about $100, while Mr. McClellan suffered shock and car damage in about the same amount. The jury concluded the collision was a dogfall, and found both litigants were negligent. Mr. Haller alone has appealed.

Mr. Haller contends that the trial court improperly instructed the jury under the provisions of the applicable ordinance of the City of Louisville. Chapter 18, Section 18–5h, Boulevards. He contends that the jury should have been instructed that Mr. McClellan had to bring his automobile to a dead stop before entering Fourth Street and was not permitted to enter the intersection "until he could do so without danger of collision to northbound and southbound traffic on Fourth Street." The court actually instructed that "Haller had the right of way through the intersection. You will, therefore, find for him unless you believe from the evidence that when McClellan came into danger from Haller's car, Haller saw or could have seen him in time to have avoided the collision, in which event you will find for McClellan against Haller on his counterclaim," and further instructed them that if they found both parties responsible for the collision, neither party could recover.

We fail to see how the given instruction prejudiced the rights of Mr. Haller. The jury was told that Mr. Haller had the right of way through the intersection, which is tantamount to saying that Mr. McClellan should not have proceeded into it until he could do so without danger of collision. Regardless of who had the right of way in the intersection, it could not be exercised with impunity and the court properly instructed the jury to that effect.

The judgment is affirmed.